IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PAMELA D. HERBERT,

      Plaintiff,

      vs.                                      No. CIV 96-1811 JC/DJS

HIGH COUNTRY MOBILE HOMES, INC.,
and JIM MIHELICH,

      Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiff's Motion to Alter or Amend Judgment, filed February 5, 1998 (Doc. No. 51). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities, and finds that oral argument and further briefing are unnecessary. The Court finds that Plaintiff's motion is well taken in part, and will be **granted in part**.

### Background

On January 27, 1998, I entered a Judgment for Plaintiff following a two-and-one-half day bench trial. In my Findings of Fact and Conclusions of Law I found that Defendant High Country Mobile Homes ("High Country") had created a sexually hostile work environment and had constructively discharged Plaintiff. I further found that Defendants had committed the torts of assault and battery on Plaintiff, on numerous occasions.

Plaintiff now asks the Court to amend the January 27 Judgment in three ways. First, Plaintiff argues for a reconsideration of whether the Title VII damage cap applies to her front and back pay

damage award. Second, Plaintiff asks the Court to re-compute the actual back pay award. Finally, Plaintiff urges the Court to reconfigure the punitive damage award so that it falls under the assault and battery claim.

**Analysis**

Plaintiff appropriately seeks my reconsideration of the statutory cap issue. Under the Civil Rights Act of 1991, back pay damage awards are excluded from the statutory cap. See 42 U.S.C. § 1981a(b)(2); 42 U.S.C. § 2000e-5(g). See also Baty v. Willamette Indus. Inc., No. 96-2181-JWL, 1997 WL 612850, at *10 (D. Kan. Sept. 5, 1997). I find that front pay damage awards are also free from the statutory cap. Front pay is an equitable remedy that has traditionally been awarded as an alternative to reinstatement. See 5 LEX K. LARSON, EMPLOYMENT DISCRIMINATION § 92.12 (2d ed. 1997); Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1347 (10th Cir. 1994); Winsor v. Hinckley Dodge, Inc., 79 F.3d 996, 1002 (10th Cir. 1996); Fitzgerald v. Sirloin Stockade, Inc., 624 F.2d 945, 956-57 (10th Cir. 1980). As an equitable remedy, front pay falls under the statutory exception to the cap. See 42 U.S.C. § 2000e-5(g).

Legislative history also supports this interpretation of the cap. See 137 Cong. Rec. H9505, 9527 (Rep. Edwards of California speaking in his Section-by-Section Analysis of the Civil Rights Act). Additionally, many courts and the Equal Employment Opportunity Commission have held front pay to be outside the cap. See Baty, 1997 WL 612850, at *11; Williams v. Pharmacia Opthalmics, Inc., 926 F. Supp. 791, 796-98 (N.D. Ind. 1996); EEOC POLICY GUIDE ON COMPENSATORY AND PUNITIVE DAMAGES UNDER 1991 CIVIL RIGHTS ACT, 8 FEPM 405:7091 (July 7, 1992) ("[§ 1981a] does not affect the right to backpay, frontpay or any type of relief already recoverable under Title VII."). Cf. Benson v. Northwest Airlines, Inc., Civ. No. 4-95-581 (DSD/JGL), 1997 WL 122897

(D. Minn. Mar. 18, 1997) (calling front pay award equitable based on previous demand for reinstatement).  But see Hudson v. Reno, 130 F.3d 1193, 1203-04 (6th Cir. 1997); Hamlin v. Charter Township of Flint, 965 F. Supp. 984 (E.D. Mich 1997).  Consequently, Plaintiff's back pay and front pay damage awards will not be subjected to the cap.

Plaintiff requests the Court to re-compute her back pay damage award.  The Court previously found $70,000 in back pay damages ($35,000 for 1996 and $35,000 for 1997).  Plaintiff contends this determination was incorrect, claiming there was only evidence for an award in the range of $30,013 to $50,000.  In Finding of Fact 10, I found that Ms. Herbert's earnings would have continued to increase in 1996 and 1997 with her growing experience and contacts.  Common sense guided me in this decision, as well as the testimony of other sales personnel who showed increases in salary with accumulated experience.  My back pay damage award accounted for Ms. Herbert's minuscule earnings in 1996 and 1997.  Therefore, I will keep Ms. Herbert's total back pay award at $70,000.  I will not order pre-judgment interest.

Plaintiff also moves the Court to reconfigure her punitive damage award so that the damages fall under her assault and battery claim.  I will deny this.  Moving the punitive damages to the tort claims would be a blatant attempt to side-step the Title VII cap.

Wherefore,

IT IS HEREBY ORDERED that the Plaintiff's Motion to Alter or Amend Judgment is **granted in part**. An Amended Judgment in accordance with this opinion shall be entered on this date.

DATED this 26th day of February, 1998.

                                        **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:        Todd M. Ackley
                                  Robert Graham & Associates, P.C.
                                  Farmington, New Mexico

Counsel for Defendants:      Deborah D. Wells
                                  Kennedy, Moulton & Wells, P.C.
                                  Albuquerque, New Mexico

                                  R. Thomas Dailey
                                  Farmington, New Mexico